## JUERGAN HARMS

v.

## ANTON JACOBS ET AL.

SET-OFF—REMITTITUR.—To an action on a promissory note, the defendants pleaded a set-off of unliquidated damages, and the jury found a verdict in their favor for $100, which defendants remitted. Pending a motion for new trial, defendants were allowed to remit a further sum of $300, and thereupon the court entered judgment for the plaintiffs for $572.85, being the amount of the note, less $300 remitted. *Held*, error. The so-called remittitur of $300 was a solemn admission that the verdict for the defendants could not be sustained, and the court and defendants could not, without the consent of the plaintiff, agree upon a verdict for less than the amount of his claim.

ERROR to the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed July 16, 1879.

Mr. MARTIN L. NEWELL, for plaintiff in error; that the damages claimed by defendants for violation of a contract, not to carry on the same business in that place, must be specially pleaded, cited Chitty's Pl. 396; Squire v. Gould, 14 Wend. 159; Olmstead v. Burke, 25 Ill. 86; Sedgwick on Damages, 677.

Where the verdict is manifestly against the weight of evidence, the judgment will be reversed: Topping v. Maxe, 39 Ill. 159; Wright v. English, 39 Ill. 178; C. & G. E. R. R. Co. v. Fox, 41 Ill. 106; McCarthy v. Mooney, 41 Ill. 300; Southworth v. Hoag, 42 Ill. 446; Tilley v. Spalding, 44 Ill. 80; O. & M. R. R. Co. v. Scheibe, 44 Ill. 460; Ray v. Bullock, 46 Ill. 64; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Lockwood v. Onion, 48 Ill. 325; Maynz v. Zeigler, 49 Ill. 303.

Messrs. CHITTY, CASSELL & GIBSON, for defendants in error; that special damages need not be alleged, cited Palmer v. Stebbings, 3 Pick. 188; Barruso v. Madan, 2 Johns. 149; Boorman v. Nash, 9 Barn. & C. 145; Linn v. Sigsbee, 67 Ill. 75; 1 Chitty's Pl. 370.

The fact that plaintiff suffers loss of profits by competition in business cannot be regarded as special damage: 2 Waits'

Actions and Defenses, 435; Mastersen v. Short, 33 How. 481.

A judgment will not be reversed because of a conflict in the testimony: C. B. & Q. R. R. Co. v. Lee, 87 Ill. 457; Pres. Church v. Emerson, 66 Ill. 269; Morgan v. Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pullian v. Ogle, 27 Ill. 189; Millikin v. Taylor, 53 Ill. 509; Chicago v. Garrison, 52 Ill. 516; Lowry v. Orr, 1 Gilm. 70; Bloom v. Crane, 24 Ill. 48; Jenkins v. Brush, 3 Gilm. 18; Sullivan v. Dollins, 13 Ill. 85.

Where substantial justice has been done, the judgment will not be reversed because of an imperfect instruction: Beseler v. Stephani, 71 Ill. 400; Pahlman v. King, 49 Ill. 266; Potter v. Potter, 41 Ill. 80; Curtis v. Sage, 35 Ill. 22; McConnell v. Kibbe, 33 Ill. 176.

PLEASANTS, J. To a declaration in assumpsit upon a promissory note, defendants in error filed, among others, a plea of set-off of unliquidated damages, arising out of the same transaction, and upon issues formed thereon the jury found for the defendants and assessed their damages at $100, which they remitted. Pending a motion by plaintiff for a new trial, they were allowed further to remit the sum of $300, and thereupon the court, after overruling the motion, rendered judgment for the plaintiff for $572.85 damages—being the amount of the note and interest computed, less $300—and for costs.

This proceeding was novel, and we think, quite irregular. If the jury found counter claims it was their duty to set-off the one against the other and return their verdict for the party in whose favor was the difference, for the amount of that difference. We cannot know what they intended to find, except from their verdict. As returned and recorded, it required, if sustained by the court, a judgment for the defendants, and we know of no way in which it could be preserved and yet made the legal foundation of a judgment for the plaintiff. While the *remittitur* first entered extinguished the claim of defendants to all damages awarded them, and therefore all that they could remit, the finding might still be sustained, and a judgment rendered thereon in their favor, for costs. But the further *remittitur*, so-called, and the judgment entered, was a solemn

admission, both by defendants and the court, that it could not be sustained. It should, therefore, have been set aside, in order that another jury might pass upon the plaintiff's whole claim. This was his right. It was not competent for the adverse party and the court, without his consent, to agree upon a verdict for him for any less, and compel his acceptance of a judgment thereon.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.